842 F.2d 1292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary E. STREET, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 87-2125.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 4, 1988.
Decided March 15, 1988.
 
 Joseph Chodes, for appellant.
 Deborah Fitzgerald, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Attorney, Regional Counsel, Office of the General Counsel, Department of Health & Human Services; Henry E. Hudson, United States Attorney; Paula P. Newett, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Mary E. Street appeals from a district court decision adopting the report of the United States magistrate and affirming the Secretary's denial of disabled widow's insurance benefits under Sec. 202(e) of the Social Security Act, 42 U.S.C. Sec. 402(e). The denial was based upon an administrative law judge's ("ALJ") determination that Street was not precluded from engaging in any gainful activity by her impairments. The district court found that substantial evidence supported this decision. We affirm.
 
 
 2
 Street is a fifty-nine year old widow with a third-grade education. Her husband was fully insured at the time of his death. Street suffers from a variety of physical ailments including heart disease, hypertension, obesity, osteoarthritis and a low I.Q. In fact, Street had previously been awarded Society Security Supplemental Income Benefits because she was unable to engage in substantial gainful activity. However, in order for Street to receive widow's benefits, she must show that she has physical or mental impairments that preclude her from engaging in any gainful activity. 42 U.S.C. Sec. 423(d)(2)(B). The regulations provide that a widow is disabled if her "impairment(s) has specific clinical findings that are the same as those for any impairment in the Listings of Impairments in Appendix 1 or are medically equivalent to those for any impairment shown there." 20 C.F.R. Sec. 404.1578(a)(1).
 
 
 3
 On appeal, Street contends that the ALJ's decision is not supported by substantial evidence because the evidence establishes that the combination of her impairments is equivalent to pertinent listings of impairments. We disagree. The ALJ specifically considered the combination of Street's impairments and found they did not meet or equal any of the listings. Upon consideration of the record, briefs, and oral argument, we find that appellant's contentions lack merit and affirm for the reasons expressed in the opinion of the district court. Street v. Otis Bowen, Secretary of Health and Human Services, C/A No. 87-143-A (E.D.Va. June 23, 1987).
 
 
 4
 AFFIRMED.